## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Vermont Juvenile Furniture Manufacturing, Inc. d/b/a Pet Gear, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Factory Direct Wholesale, LLC<br><br>Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

Vermont Juvenile Furniture Manufacturing, Inc. d/b/a Pet Gear, Inc. ("Plaintiff") hereby complains of and alleges against Defendant, Factory Direct Wholesale, LLC ("Defendant"), as follows:

### PARTIES

1.     Plaintiff, Vermont Juvenile Furniture Manufacturing, Inc. d/b/a Pet Gear, Inc., is a Vermont corporation having an address at 192 Sheldon Avenue, West Rutland, Vermont 05777.

2.     Upon information and belief, Defendant Factory Direct Wholesale, LLC, is a Georgia limited liability company having business addresses at 2855 N Berkeley Lake Rd., Duluth, Georgia 30096 and 2351 Button Gwinnett Dr., Suite 800 Doraville, Georgia 30340 (hereafter "Defendant").

4061652-1

3.     Upon information and belief, Defendant's registered agent is "HANPING LIU," having an address at 2855 N Berkeley Lake Rd, Gwinnett, Duluth, GA, 30096.

## JURISDICTION AND VENUE

1.     This is a civil action arising under the Patent Laws of the United States of America, 35 U.S.C. § 101, *et seq.*

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

3.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

4.     This Court has personal jurisdiction over Defendant because Defendant, *inter alia*, transacts business in the Commonwealth of Pennsylvania, engages in a persistent course of conduct in the Commonwealth of Pennsylvania, and expects, or reasonably should expect, its acts to have legal consequences in the Commonwealth of Pennsylvania. Defendant has committed acts of infringement within this District.

## FACT COMMON TO ALL COUNTS

5.     Plaintiff is an industry leader in the field of pet equipment and pet supplies.

6.     Among other products, Plaintiff offers a line of pet booster seats for securing pets in a car seat. Attached as <u>Exhibit A</u> are photographs of Plaintiff's pet booster seats as shown on Plaintiff's website at www.petgearinc.com.

7.     Plaintiff's pet booster seats are covered by United States Patent No. 7,886,694, entitled "Pet booster seat" (the '694 Patent) which was duly issued by the United States Patent and Trademark Office (USPTO) on February 15, 2011. A copy of the '694 Patent is attached as <u>Exhibit B</u>. Plaintiff is the owner by assignment of the '694 Patent and has standing to sue for infringement of the '694 Patent.

8.     Plaintiff's pet booster seats are also covered by United States Patent No. D592,361 entitled "Pet booster seat" (the '361 Patent), which was duly issued by the USPTO on May 12, 2009. A copy of the '361 Patent is attached as <u>Exhibit C</u>. Plaintiff is the owner by assignment of the '361 Patent and has standing to sue for infringement of the '361 Patent.

<strong><u>Defendant's Infringement</u></strong>

9.     In or around September 2011,  Plaintiff discovered that Defendant was offering for sale and selling a pet booster seat that infringed Plaintiff's '694 and '361 Patents. On October 11, 2011, counsel for Plaintiff sent a letter to Defendant, a copy of which is attached as <u>Exhibit D</u>, advising Defendant of its infringement.

10.    Defendant responded in a letter dated December 27, 2011, a copy of which is attached as <u>Exhibit E</u>, stating Defendant would cease its infringement, and phase out all infringing goods by March 31, 2012.

11.    Upon information and belief, Defendant did not comply with the promises contained in its letter of December 27, 2011, and instead continues to infringe Plaintiff's rights in both the '694 and the '361 Patents.

4061652-1

12.    On or around March 11, 2016, Plaintiff discovered that Defendant continued to offer pet booster seats infringing the '694 and the '361 Patents. Attached hereto as <u>Exhibit F</u> are copies of web pages from the retail sales website Amazon.com, showing the pet booster seats offered for sale by Defendant, who sells such products under the trademark "BestPet."

13.    Attached as <u>Exhibit G</u> are photographs of one of Defendant's infringing pet booster seats acquired from Amazon.com.

14.    Attached as <u>Exhibit H</u> is the package insert for Defendant's infringing pet booster seat.

15.    Attached as <u>Exhibit I</u> are photographs of the box used to ship Defendant's infringing pet booster seat.

16.    Defendant's continued sales and offers for sale of its infringing pet booster seats, was and is:

     (a)    With full knowledge of Plaintiff's '694 and '361 Patents, and

     (b)    Was and is with the intent and for the purpose, and has had the effect, of wrongfully infringing upon Plaintiff's '694 and '361 Patents.

17.    All such conduct by Defendant was and continues to be in bad faith, willful, deliberate and in knowing violation of the law.

18.    The activities of Defendant complained of herein have caused, and unless restrained and enjoined by the Court will continue to cause, irreparable harm, damage and injury.

19.     Upon information and belief, Defendant will continue its tortious acts including its infringement and unfair competition unless restrained by this Court.

## COUNT I

## Infringement of U.S. Patent No. 7,886,694

20.     The allegations of paragraphs 1 through 19 are incorporated herein by reference as though fully set forth herein.

21.     Defendant has engaged and is engaging in unauthorized conduct and activities that violate 35 U.S.C. § 271(a), constituting direct infringement of one or more claims of the '694 Patent, both literally and/or under the doctrine of equivalents.

22.     Defendant's infringing pet booster seat infringes at least claims 1-5, 9, 10, 12, and 14-15 of the '694 Patent. The chart below summarizes the claims of the '694 Patent, as compared to Defendant's infringing pet booster seat:

| Claim | Claim Language | Defendant's infringing pet booster seat |
|---|---|---|
| 1 | A pet booster seat for seating a pet on a vehicle seat in an elevated position, the pet booster seat comprising: | Defendant's product is a pet booster seat for seating a pet on a vehicle seat in an elevated position |
| | a base having a top surface and a bottom surface, | Defendant's infringing pet booster seat includes a base having a top surface and a bottom surface |
| | an L-shaped lap section and a supporting portion each extending downwardly from the bottom surface of the base, the supporting portion being separate from the L-shaped lap section and having a bottom surface aligned with a bottom surface of the L-shaped lap section, the L-shaped lap section and the supporting portion together defining a groove for receiving a lap-belt, to secure the pet booster seat on | Defendant's infringing pet booster seat includes an L-shaped lap section and a supporting portion each extending downwardly from the bottom surface of the base, the supporting portion being separate from the L-shaped lap section and having a bottom surface aligned with a bottom surface of the L-shaped lap section, the L-shaped lap section and the supporting portion together defining a |

| Claim | Claim Language | Defendant's infringing pet booster seat |
|---|---|---|
| | the vehicle seat; | groove for receiving a lap-belt, to secure the pet booster seat on the vehicle seat |
| | a front wall, a rear wall, and first and second side walls, each extending upwardly from the base which together define a pet seating portion. | Defendant's infringing pet booster seat includes a front wall, a rear wall, and first and second side walls, each extending upwardly from the base which together define a pet seating portion. |
| 2 | The pet booster seat of claim 1, further comprising a removable cover having a zipper to facilitate closing of the removable cover over the booster seat. | Defendant's infringing pet booster seat includes a removable cover having a zipper to facilitate closing of the removable cover over the booster seat. |
| 3 | The pet booster seat of claim 1, wherein the front wall comprises a right, left and center section, each of the right, left and center sections having a height, and the height of the center section is less than that of each of the left and right sections. | Defendant's infringing pet booster seat includes a front wall having a right, left and center section, each of the right, left and center sections having a height, and the height of the center section is less than that of each of the left and right sections. |
| 4 | The pet booster seat of claim 1, further comprising a removable cushion located inside the pet seating portion. | Defendant's infringing pet booster seat is sold with a removable cushion located inside the pet seating portion. |
| 5 | The pet booster seat of claim 4, wherein the removable cushion comprises a removable cushion cover having a zipper to facilitate closing of the removable cushion cover over the removable cushion. | Defendant's removable cushion includes a removable cushion cover having a zipper to facilitate closing of the removable cushion cover over the removable cushion. |
| 9 | The pet booster seat of claim 1, further comprising a strap having first and second ends, the second end includes a removable catch for attaching to at least one of a collar or harness. | Defendant's infringing pet booster seat includes a strap having first and second ends, the second end includes a removable catch for attaching to at least one of a collar or harness. |
| 10. | The pet booster seat of claim 9, wherein the first end is attached to at least one of the base, the front wall, the rear wall or the first or the second side walls. | Defendant's strap is attached to at least one of the base, the front wall, the rear wall or the first or the second side walls. |
| 12 | The pet booster seat of claim 9, further comprising a removable cover, wherein the first end is attached to the removable cover. | Defendant's strap is attached to the removable cover. |
| 14 | The pet booster seat of claim 9, wherein the first end of the strap is attached by stitched thread to at least one of the base, the front wall, the rear wall or the first or the second side walls. | Defendant's strap is attached by stitched thread to at least one of the base, the front wall, the rear wall or the first or the second side walls. |
| 15 | The pet booster seat of claim 1, wherein each of the L-shaped lap section, the supporting portion, the base, the front wall, the rear wall, and the first and the second side walls, comprise a foam material. | Defendant's infringing pet booster seat is formed from a foam material. |

23.    Plaintiff has been injured by Defendant's infringement of the '694 Patent and will continue to be injured by Defendant's infringement of the '694 Patent unless enjoined from further infringement by this Court.

24.    Plaintiff is informed and believes, and on that basis alleges, that Defendant has profited by virtue of its infringement of the '694 Patent.

25.    Plaintiff has sustained damages as a direct and proximate results of Defendant's infringement of the '694 Patent.

26.    Defendant's infringement of the '694 Patent has caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law.

27.    Defendant's acts of infringement are in willful and wanton disregard of Plaintiff's rights accorded by the '694 Patent, and this case is exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II

### Infringement of U.S. Patent No. D592,361

28.    The allegations of paragraphs 1 through 27 are incorporated herein by reference as though fully set forth herein.

29.    Defendant has engaged and is engaging in unauthorized conduct and activities that violate 35 U.S.C. § 271(a), constituting direct infringement of the '361 Patent, both literally and/or under the doctrine of equivalents.

-7-

30.    Defendant's infringing pet booster seat infringes the ornamental design as show in the '361 patent. The chart below shows a comparison of the design of the '361 Patent to Defendant's infringing pet booster seat:

| Figure from '361 Patent | Defendant's infringing pet booster seat |
|---|---|
| FIG. 1 | |
| FIG. 2 | |
| FIG. 3 | |

| Figure from '361 Patent | Defendant's infringing pet booster seat |
|---|---|
| FIG. 4 | |
| FIG. 5 | |
| FIG. 6 | |

4061652-1

| Figure from '361 Patent | Defendant's infringing pet booster seat |
|---|---|
|  FIG. 7 | |

31.    In addition, as shown in <u>Exhibits H and I</u> the box for Defendant's infringing pet booster seat as well as the package insert for Defendant's infringing pet booster seat both include depictions of the design of the '361 Patent.

32.    The design claimed in the '361 Patent and the design of Defendant's infringing pet booster seat are substantially the same.

33.    An ordinary observer, giving such attention as a purchaser usually gives when purchasing pet equipment such as pet booster seats, would find that the resemblance between the design claimed in the '361 Patent and the design of Defendant's infringing pet booster seat would deceive such an observer, inducing the observer to purchase one supposing it to be the other. Therefore, the design of Defendant's infringing pet booster seat infringes the '361 Patent.

4061652-1

34.     Plaintiff has been injured by Defendant's infringement of the '361 Patent and will continue to be injured by Defendant's infringement of the '361 Patent unless enjoined from further infringement by this Court.

35.     Plaintiff is informed and believes, and on that basis alleges, that Defendant has profited by virtue of its infringement of the '361 Patent.

36.     Plaintiff has sustained damages as a direct and proximate results of Defendant's infringement of the '361 Patent.

37.     Defendant's infringement of the '361 Patent has caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law.

38.     Defendant's acts of infringement are in willful and wanton disregard of Plaintiff's rights accorded by the '361 Patent, and this case is exceptional within the meaning of 35 U.S.C. § 285.


## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff PRAYS FOR RELIEF from the actions and conduct of Defendant as follows:

1.     That the Court enter judgment that Defendant has infringed one or more claims of the '694 Patent;

2.     That the Court enter judgment that Defendant has infringed the '361 Patent;

4061652-1

3.     That the Court enter judgment that the '694 Patent is valid and enforceable;

4.     That the Court enter judgment that the '361 Patent is valid and enforceable;

5.     That the Court enter judgment awarding Plaintiff all damages adequate to compensate for Defendant's infringement, and in no event less than a reasonable royalty for Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

6.     That the Court enter judgment awarding Plaintiff all of Defendant's profits pursuant to 35 U.S.C. § 289 together with pre-judgment interest;

7.     That the Court enter judgment awarding Plaintiff all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with pre-judgment interest;

8.     That the Court enter judgment awarding Plaintiff its actual damages suffered by Plaintiff as a result of Defendant's unlawful conduct, in an amount to be proven at trial, as well as pre-judgment interest as authorized by law;

9.     That the Court enter judgment that this is an exceptional case and award to Plaintiff all of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285;

10.    That Defendant, its agents, officers, sales representatives, servants, employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with any or

all of them, be enjoined preliminarily and permanently by Order of this Court from doing, abiding, causing or abetting any of the following:

      a.     directly or indirectly infringing Plaintiff's '694 Patent; or,

      b.     directly or indirectly infringing Plaintiff's '361 Patent.

11.    That Defendant be ordered to deliver up to Plaintiff for destruction, all products, promotional materials, advertisements, package inserts, packaging, labeling and other communications to the public in its possession or under its control embodying, offering or bearing any of Defendant's infringing pet booster seats;

12.    That Defendant be ordered to withdraw, remove, delete or disable any website pages or links from any location on the internet selling or offering for sale Defendant's infringing pet booster seats;

13.    That Defendant be ordered to take all necessary and appropriate steps to recall for destruction all goods infringing the '694 Patent and/or the '361 Patent; and,

14.    That the Court award Plaintiff such other relief as the Court deems just and proper.

4061652-1

## JURY DEMAND

Plaintiff demands trial by a jury on all claims to which it is entitled.

VERMONT JUVENILE FURNITURE
MANUFACTURING, INC. d/b/a PET GEAR, INC.

DATE: <u>April 14, 2016</u>        BY:_____

Randolph J. Huis (PA I.D. # 64,457)
Michael F. Snyder (PA I.D. # 76,386)
VOLPE AND KOENIG, P.C.
United Plaza
30 S. 17th Street
Suite 1800
Philadelphia, Pa 19103

*Attorneys for Plaintiff*
*Vermont Juvenile Furniture Manufacturing,*
*Inc. d/b/a Pet Gear, Inc.*